IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATRI RILEY-LEE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ORTIZ S. HERRON,<br><br>　　　　Defendant.<br>_____/ | No. C-10-02397 EDL<br><br>related to |
| KATRI RILEY-LEE<br><br>　　　　Plaintiff,<br><br>　v.<br><br>IGCOR, et al.,<br><br>　　　　Defendants.<br>_____/ | No. C-10-02399<br><br>related to |
| KATRI RILEY-LEE<br><br>　　　　Plaintiff.<br><br>　v.<br><br>CHARLES MANSON, et al.,<br><br>　　　　Defendants.<br>_____/ | No. C-10-02400<br><br>**REPORT AND RECOMMENDATION RE: APPLICATIONS TO PROCEED IN FORMA PAUPERIS** |

On May 28, 2010, Plaintiff Katri Riley-Lee filed the above-captioned complaints and Applications to Proceed In Forma Pauperis. On June 14, 2010, the Court issued an order relating Plaintiff's cases. Plaintiff did not respond to the Clerk's Notice regarding consent or declination to a magistrate judge in any of the cases. Because Plaintiff has not consented to this Court's jurisdiction

1 pursuant to 28 U.S.C. § 636(c), the Court issues this Report and Recommendation and will reassign
2 these cases to a district judge. For the reasons set forth below, the Court recommends granting
3 Plaintiff's Applications to Proceed In Forma Pauperis and dismissing Plaintiff's complaints with
4 prejudice.

5     Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the
6 commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a
7 person who makes affidavit that he is unable to pay such costs or give security therefor." In
8 reviewing an application to proceed in forma pauperis, the court may dismiss a case sua sponte if the
9 court determines that the party applying for in forma pauperis status has filed a frivolous action. 28
10 U.S.C. § 1915(e)(2); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989). Under 28 U.S.C.
11 § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. Neitzke v.
12 Williams, 490 U.S. 319, 325 (1989). Moreover, according to Neitze, a court may dismiss an in
13 forma pauperis complaint sua sponte under 28 U.S.C. § 1915(d) when the claim is "fantastic or
14 delusional. . . ." Neitze, 490 U.S. at 328. Dismissal on these grounds is often made sua sponte prior
15 to the issuance of process, so as to spare prospective defendants the inconvenience and expense of
16 answering such complaints. Id. at 324.

17     Plaintiff's Applications to Proceed In Forma Pauperis adequately allege Plaintiff's poverty.
18 Plaintiff states that she is not employed, that she receives $550.00 per month in disability and
19 receives money from a car accident in the amount of $4,000, and that she has $2,000 in the bank.
20 Plaintiff's monthly expenses of approximately $1,080 exceed her income. Therefore, Plaintiff
21 qualifies for In Forma Pauperis status, and her Applications should be granted.

22     However, under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss an action that
23 fails to state a claim upon which relief may be granted. Here, both grounds are met. The entirety of
24 Plaintiff's complaint in Riley-Lee v. Herron, C-10-2397 EDL states: "Brain video game used to
25 change retired ownership and possible frame former pure manson with murder." The entirety of
26 Plaintiff's complaint in Riley-Lee v. Igcor, C-10-2399 EDL states: "Radio assassination against
27 thallion [sic] president. Now a retired citizen. Work of Hatred. Racial Bulb in Brain. Squeezed
28 stomach. Wired tooth. Foot problem also a brain surge. Sexually exploited on radio. Also PAH

has controlling on Entraprevdiae [sic], has a controlling point."  The entirety of Plaintiff's complaint in <u>Riley-Lee v. Charles Manson</u>, C-10-2400 EDL states: "Discrimination of possibly video game in brank [sic]. Removal of ownership of LAPD and federal troop world. Also world weapon causing a world of hatred. Very deadly."

Plaintiff's complaints do not provide a basis for federal jurisdiction under 28 U.S.C. § 1331 or for diversity jurisdiction under 28 U.S.C. § 1332. In sum, Plaintiff's complaints fail to include a "short and plain statement of the claim showing that the pleader is entitled to relief" as required by Federal Rule of Civil Procedure 8(a)(2). Taken as a whole, Plaintiff's complaints fail. Accordingly, the Court should dismiss Plaintiff's complaints with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. <u>See</u> 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: July 22, 2010

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

3